JAMES NICHOLAS TALLARICO,

    Plaintiff,

    v.                                    COMPLAINT

UNITED STATES OF AMERICA and
KASH PATEL, in his official capacity
as Director of the Federal Bureau of
Investigation,

    Defendants.

NOW COMES the Plaintiff, by and through the undersigned counsel, complaining of the Defendants and shows the following:

## PARTIES

1.    The Plaintiff is an individual who is a citizen and resident of Stokes County, North Carolina.

2.    The Defendant United States of America is a juridical entity and proper defendant under 18 U.S.C. § 925A.

3. The Defendant Kash Patel is the Director of the Federal Bureau of Investigation (FBI), named and sued in his official capacity as the Director of the FBI.

JURISDICTION AND VENUE

4. The court has subject matter jurisdiction over the action because the claim stated herein arises under the law of the United States and falls within the court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

5. The court has personal jurisdiction over the Defendants.

6. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C) because the Plaintiff resides in this district and no real property is involved in the action.

BACKGROUND AND FACTUAL ALLEGATIONS

7. In 2024 the Plaintiff sought to purchase a firearm from an online federal firearms licensee (FFL).

8. The online FFL was Palmetto State Armory LLC ("Palmetto") based in Denver, North Carolina.

9. Upon information and belief, Palmetto transferred the firearm to Shannock's Inc ("Shannock's"), an FFL located in King, North Carolina.

10. The Plaintiff is not licensed as an FFL.

11. An FFL "shall not transfer a firearm to any other person who is not licensed . . . unless – before the completion of the transfer, the licensee contacts the national instant criminal background check system." 18 U.S.C. § 922(t)(1)(A).

12. The acronym for the national instant criminal background check system is NICS.

13. Upon information and belief, Shannock's contacted NICS to check the Plaintiff's eligibility to possess a firearm.

14. The NICS check resulted in a status of "denied."

15. Based on the denial, Shannock's refused to transfer the firearm to the Plaintiff.

16. The denial was assigned NICS Transaction Number ("NTN") 103D6WV3W.

17. "The NTN demonstrates that contact has been made with the NICS." NICS Section Federal Firearms Licensee Users Manual at 11 (8/2011) (https://ucr.fbi.gov/nics/federal-firearms-licensees/nics-firearms-licensee-manual) (retrieved May 19, 2026).

18. NICS is maintained by the FBI.

19. NICS "conducts background checks on people who want to own a firearm." https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics (retrieved May 19, 2026).

20. NICS includes information concerning whether a person falls within federal categories of persons prohibited from receiving firearms. https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics/about-nics (retrieved May 19, 2026).

21. The Plaintiff contacted the FBI concerning the reason for the denial.

22. The Plaintiff received from the FBI an explanation letter dated August 14, 2024, a copy of which is attached as Exhibit A.

23. The explanation letter stated the Plaintiff was denied because under 18 U.S.C. § 922(g)(1) he had been convicted of "a crime punishable by imprisonment for a term exceeding one year or [a] state offense classified by the state as a misdemeanor [that] is punishable by a term of imprisonment of more than two years." Exh. A at 1 (internal citation omitted).

24. The letter identified the "prohibiting records" in part with the following numbers: 960-2012-CRS-051692-52, 960-2012-CRS-051693-52, and 960-2012-CRS-051694-52. Exh. A at 2.

25. In 2012 state authorities in Wilkes County, North Carolina, charged the Plaintiff with four counts of the felony of statutory rape in state court file numbers 12CR051692-960, 12CR051693-960, 12CR051694-960, and 12CR051695-960.

26. In all four cases the Plaintiff was convicted of the reduced offense of misdemeanor sexual battery under North Carolina General Statute § 14-27.5A(a) on April 8, 2013.

27. The misdemeanor offense was later recodified as North Carolina General Statute § 14-27.33. Sec. 15, 2015 N.C. HB 383, 2015 N.C. Sess. Laws 181 (August 5, 2015).

28. Misdemeanor sexual battery is a Class A1 misdemeanor under state law. N.C. Gen. Stat. § 14-27.33(b).

29. A Class A1 misdemeanor is punishable by a maximum of 150 days' incarceration under state law. N.C. Gen. Stat. § 15A-1340.23(c)(2) (active punishment).

30. The state's Class A1 misdemeanor classification was created in 1995 and has at all times been punishable by a maximum of 150 days' incarceration. Sec. 19.5(g), 1995. N.C. HB 230, 1995 N.C. Sess. Laws 507 (July 28, 1995).

31. The Plaintiff was required to register as a sex offender when he was convicted on April 8, 2013. The state court later granted a petition terminating the sex offender registration on January 11, 2024.

32. The Wilkes County convictions were not punishable by imprisonment for a term exceeding one year and were not state misdemeanors punishable by a term of imprisonment more than two years.

33. The Plaintiff has not been convicted of any offense punishable by imprisonment for a term exceeding one year or any state misdemeanors punishable by a term of imprisonment more than two years.

34. The information to the contrary in NICS is erroneous.

35. A copy of the Plaintiff's FBI Identity History Summary is attached as Exhibit B.

FIRST CAUSE OF ACTION
CORRECTION OF ERRONEOUS INFORMATION IN NICS
18 U.S.C. § 925A

36. The allegations contained in all preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

37. The Plaintiff was denied a firearm pursuant to 18 U.S.C. § 922(t) due to the provision of erroneous information relating to the Plaintiff by NICS to Shannock's.

38. The Plaintiff requests entry of an order directing the erroneous information be corrected, pursuant to 18 U.S.C. § 925A.

SECOND CAUSE OF ACTION
DECLARATORY JUDGMENT
28 U.S.C. § 2201 and 18 U.S.C. § 925A

39. The allegations contained in all preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

40. The Plaintiff was denied a firearm pursuant to 18 U.S.C. § 922(t) due to the provision of erroneous information relating to the Plaintiff by NICS to Shannock's.

41. The matter described above is an actual case and controversy between the parties.

42. The Plaintiff requests entry of a declaratory judgment declaring the Defendants are directed to correct the erroneous information in NICS, pursuant to 28 U.S.C. § 2201 and 18 U.S.C. § 925A.

## AWARD OF ATTORNEY'S FEE

1.      The allegations contained in all preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

2.      The Plaintiff requests the Court order the Defendants to pay a reasonable attorney's fee to the Plaintiff as part of the costs, pursuant to 18 U.S.C. § 925A.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

1)      For an order directing the Defendants to correct the erroneous information in NICS, pursuant to 18 U.S.C. § 925A.

2)      For a judgment declaring that the Defendants are directed to correct the erroneous information in NICS, pursuant to 28 U.S.C. § 2201 and 18 U.S.C. § 925A.

3)      For the award of a reasonable attorney's fee as part of the costs, pursuant to 18 U.S.C. § 925A.

This the 29th day of May, 2026.

/s/ Keith A. Williams
Keith A. Williams NC Bar Number:  19333
Attorney for Plaintiff
Law Offices of Keith A. Williams, P.A.
P.O. Box 1965
321 South Evans Street, Suite 103
Greenville, NC  27858
Telephone:  252/931-9362
E-mail:  keith@williamslawonline.com